■ CITY OF LOCKPORT, Appellant-Respondent, v ELMER A. GRANCHELLI, Respondent-Appellant. [721 NYS2d 175] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In granting the motion of plaintiff, City of Lockport (City), for summary judgment, Supreme Court properly determined that the City is entitled to recover the amount it expended on demolition and site preparation. The court erred, however, in determining that the City is not entitled to recover the amount of the purchase price of the Boot Shop and Carnahan properties, based on its conclusion that the City's payment of $255,000 to defendant, Elmer A. Granchelli, was merely to secure Granchelli's general release. The 1994 agreement between the parties must be construed in light of the prior written agreements, which were not superseded by the 1994 agreement. The prior agreements provide that the payment by the City to Granchelli of $255,000 was to reimburse him for the

purchase price of the Boot Shop and Carnahan properties, in exchange for which Granchelli was to incorporate those properties into the overall Manor Mall development. Granchelli breached his contractual obligations under the contract and the mall was never built. As a result, the City is entitled to reimbursement for the purchase price of those properties as an item of damages arising directly from Granchelli's breach of contract.

Contrary to Granchelli's contention, the prior decision of this Court affirming an earlier order in this case does not preclude this award of damages to the City (*see, City of Lockport v Granchelli* [appeal No. 2], 238 AD2d 953). In the earlier order, Supreme Court denied, based on the record before it, the City's motion for summary judgment on the fourth cause of action seeking reimbursement of both the purchase price of the Boot Shop and Carnahan properties and the costs incurred in demolishing the buildings and preparing the sites for development. The court also denied Granchelli's cross motion to dismiss that cause of action. Consequently, the court did not previously determine that the City was not entitled to the damages alleged.

We reject the contention of Granchelli that the City is entitled to the reconveyance of the South Block pursuant to the Option Agreement as the sole remedy for his breach of contract. That agreement was entered into prior to the inclusion of the Boot Shop and Carnahan properties into the overall Manor Mall development and referred only to the original project, which was to encompass only the South Block.

We modify the order, therefore, by directing that, in addition to the amount awarded by the court, the City is entitled to reimbursement of the purchase price of the Boot Shop and Carnahan properties, in the amount of $255,000, as well as an additional $4,186.46 for amounts it expended on site preparation, as set forth in the affidavit of the City Treasurer. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.